**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 10-4783

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

WILKINS MCNAIR, JR.,

Defendant – Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore. Catherine C. Blake, District Judge. (1:09-cr-00320-CCB-1)

Submitted: July 28, 2011        Decided: August 1, 2011

Before SHEDD, AGEE, and DIAZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

David W. Lease, SMITH, LEASE & GOLDSTEIN, LLC, Rockville, Maryland, for Appellant. Jonathan Biran, Jefferson McClure Gray, Assistant United States Attorneys, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Wilkins McNair, Jr., pled guilty to one count of wire fraud and one count of witness tampering. The district court sentenced him to 70 months' imprisonment. McNair's attorney filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), stating that, in counsel's view, there are no meritorious issues for appeal, but noting that McNair questioned the validity of his guilty plea and asserted that counsel was ineffective for failing to investigate, failing to challenge the Sentencing Guidelines calculations, and for recommending that he plead guilty. After being advised of his right to file a brief, McNair elected not to file a pro se supplemental brief. We affirm.

In the absence of a motion to withdraw a guilty plea, this court reviews the adequacy of the guilty plea pursuant to Fed. R. Crim. P. 11 for plain error. See United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002). Our review of the transcript of the plea hearing leads us to conclude that the district court fully complied with Rule 11 in accepting McNair's guilty plea. The court ensured that McNair understood the charges against him and the potential sentences he faced, that he entered his plea knowingly and voluntarily, and that the plea was supported by an independent factual basis. See United

2

States v. DeFusco, 949 F.2d 114, 116, 119-20 (4th Cir. 1991). Accordingly, we affirm McNair's conviction.

We have reviewed McNair's sentence and determined that it was properly calculated and that the sentence imposed was reasonable. See Gall v. United States, 552 U.S. 38, 51 (2007); United States v. Llamas, 599 F.3d 381, 387 (4th Cir. 2010). The district court followed the necessary procedural steps in sentencing McNair, appropriately treated the sentencing Guidelines as advisory, properly calculated and considered the applicable Guidelines range, and weighed the relevant 18 U.S.C. § 3553(a) (2006) factors in light of McNair's individual characteristics and circumstances. The district court adequately explained its reasons for denying McNair's request for a variance, noting that McNair had engaged in a "substantial pattern of fraud." In light of McNair's medical condition and the government's recommendation of a sentence at the low end of the advisory Guidelines range, however, the court imposed a 70-month sentence. Because the court adequately explained its reasons for the sentence imposed, we conclude that the sentence is not an abuse of discretion and is reasonable. See Gall, 552 U.S. at 41; United States v. Allen, 491 F.3d 178, 193 (4th Cir. 2007) (applying appellate presumption of reasonableness to within-Guidelines sentence).

McNair also questions whether counsel provided constitutionally ineffective assistance by failing to investigate, failing to challenge the computation of the Guidelines range, and for recommending that he plead guilty. Claims of ineffective assistance of counsel are not cognizable on direct appeal unless the record conclusively establishes counsel's constitutionally inadequate performance. United States v. Baldovinos, 434 F.3d 233, 239 (4th Cir. 2006). Because the record does not conclusively demonstrate that McNair's counsel was ineffective, we decline to consider this claim on direct appeal.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. This court requires that counsel inform McNair, in writing, of the right to petition the Supreme Court of the United States for further review. If McNair requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on McNair. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4